IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VERTEX ENERGY, INC., *et al.*,[1] | ) ) | Case No. 24-90507 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF AN ORDER EXTENDING TIME TO FILE
(I) SCHEDULES OF ASSETS AND LIABILITIES, (II) SCHEDULES
OF CURRENT INCOME AND EXPENDITURES, (III) SCHEDULES OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) STATEMENTS
OF FINANCIAL AFFAIRS, AND (V) RULE 2015.3 FINANCIAL REPORTS**

> **Emergency relief has been requested. Relief is requested not later than 12:30 p.m. (prevailing Central Time) on September 25, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 25, 2024, at 12:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/vertex. The location of Debtor Vertex Energy, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1331 Gemini Street, Suite 250, Houston, Texas 77058.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional twenty (20) days to and including October 28, 2024, for a total of thirty-four (34) days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions for cause shown and (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports") to thirty-four (34) days after the Petition Date (*i.e.*, October 28, 2024), without prejudice to the Debtors' ability to request additional extensions for cause shown or to file a motion with the Court (as defined below) seeking a modification of such reporting requirements for cause.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Order of Reference to Bankruptcy Judges*, dated May 24, 2012, from the United States District

---

[2] A description of the Debtors, their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of R. Seth Bullock, Chief Restructuring Officer of Vertex Energy, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

Court for the Southern District of Texas.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), rules 1007, 2015.3(d), and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 1075-1, 2015-3, and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## Background

5. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief

**I. Cause Exists to Extend the Time to File the Schedules and Statements.**

6. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen (14) days of the Petition Date.  However, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), the Court has

3

authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c), and 9006(b).

7. Ample cause exists to grant the relief requested herein. In the ordinary course of operation, the Debtors' businesses maintain voluminous books, records, and complex accounting systems. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of creditors, assets, leases, and contracts from each Debtor entity. Collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors. Additionally, because numerous invoices related to prepetition goods and services have not yet been received or entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

8. Moreover, the Debtors have books and records located in multiple systems across their various business segments. Information must be gathered from many, if not all, of these systems. Given the size and complexity of the Debtors' businesses and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

9. Although the Debtors' key personnel and professionals have diligently prepared for these chapter 11 cases, preparing the Schedules and Statements was not practicable given the complex nature of the Debtors' businesses. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

10. As explained above and in the First Day Declaration, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. The Debtors' request for a thirty-four (34) day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

11. Courts in this district have granted similar relief to the relief requested herein in a number of cases. *See, e.g., In re SmileDirectClub, Inc.*, No. 23-90786 (CML) (Bankr. S.D. Tex. Oct. 2, 2023) (granting the debtors a total of 59 days from the petition date to file their schedules and statements); *In re Genesis Care Pty Ltd.*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (same); *In re Envision Healthcare Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) (same); *In re Altera Infrastructure L.P.*, No. 23-90130 (MI) (Bankr. S.D. Tex. Aug. 15, 2022) (same); *In re Gulfport Energy Corp.*, No. 20-35562 (DRJ) (Bankr. S.D. Tex. Nov. 16, 2020) (same).

**II.  Cause Exists to Extend the Time to File the 2015.3 Reports.**

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting

5

requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

13. Debtor Vertex Recovery Management, LLC maintains a fifty percent interest in a non-Debtor subsidiary that falls under the ambit of Bankruptcy Rule 2015.3 and, as such, the Debtors are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports based on (a) the size, complexity, and geographic scope of the Debtors' businesses and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

14. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to thirty-four (34) days after the Petition Date (*i.e.*, October 28, 2024) pursuant to Bankruptcy Rule 2015.3(d).

15. The relief requested will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and the non-debtor subsidiary.

## Emergency Consideration

16. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one (21)

days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Bankruptcy Local Rule 9013-1(i).  This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one (21) days after the commencement of these chapter 11 cases.  The relief will save costs and avoid undue administrative burden and confusion only if granted immediately.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

17.	The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Loan Lenders; (d) the agent under the Debtors' Term Loan Facility, and counsel thereto; (e) the agent under the Debtors' DIP Facility and counsel thereto; (f) counsel to Macquarie; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
September 25, 2024

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| 711 Louisiana Street, Suite 2300 | 601 Lexington Avenue |
| Houston, Texas 77002 | New York, New York 10022 |
| Telephone:    (713) 223-2300 | Telephone:    (212) 446-4800 |
| Facsimile:    (800) 404-3970 | Facsimile:    (212) 446-4900 |
| Email:    jason.cohen@bracewell.com | Email:    brian.schartz@kirkland.com |
|             jonathan.lozano@bracewell.com | |
| | |
| -and- | -and- |
| | |
| Mark E. Dendinger (*pro hac vice* pending) | **KIRKLAND & ELLIS LLP** |
| 31 W. 52nd Street, Suite 1900 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, NY 10019 | John R. Luze (*pro hac vice* pending) |
| Telephone:    (212) 508-6100 | Rachael M. Bentley (*pro hac vice* pending) |
| Facsimile:    (800) 404-3970 | 333 West Wolf Point Plaza |
| Email:    mark.dendinger@bracewell.com | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:    john.luze@kirkland.com |
| |             rachael.bentley@kirkland.com |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Jason G. Cohen*
Jason G. Cohen

**Certificate of Service**

I certify that on September 25, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jason G. Cohen*
Jason G. Cohen