**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VERTEX ENERGY, INC., *et al.*,[1] | ) Case No. 24-90507 (CML) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING REJECTION OF THE MATHESON AGREEMENT
EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one (21) days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one (21) days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion (this "<u>Motion</u>"):[2]

**<u>Relief Requested</u>**

1.       The Debtors seek entry of an order, substantially in the form attached hereto

(the "<u>Order</u>"), (a) authorizing the Debtors to reject the Hydrogen and Steam Supply Agreement

effective as of the Petition Date, and (b) granting related relief.

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/vertex. The location of Debtor Vertex Energy, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1331 Gemini Street, Suite 250, Houston, Texas 77058.

[2]      A description of the Debtors, their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of R. Seth Bullock, Chief Restructuring Officer of Vertex Energy, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Order of Reference to Bankruptcy Judges*, dated May 24, 2012, from the United States District Court for the Southern District of Texas.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion.

3.      Venue is proper pursuant to 28 U.S.C. § 1408.

4.      The bases for the relief requested herein are section(s) 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1075-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

**Background**

5.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

---

used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

**Agreement To Be Rejected**

6.        On June 11, 2022, Debtor Vertex Refining Alabama LLC ("Vertex Refining") and Matheson Tri-Gas, Inc. ("Matheson," and together with Vertex Refining, the "Parties") entered into that certain Hydrogen and Steam Supply Agreement (together with all amendments, modifications, and related ancillary documents thereto, collectively, the "Matheson Agreement"). Pursuant to the Matheson Agreement, Matheson shall design, install, own, operate, maintain, and eventually remove (upon termination of the Matheson Agreement) a new methane steam reformer hydrogen facility (the "Hydrogen Facility") on the Debtors' premises.

7.        Construction of the Hydrogen Facility was intended to facilitate the next chapter of the Debtors' businesses, reducing its fixed costs for hydrogen in the process.  Instead, construction delays and cost overruns have plagued the project, and completion of the Hydrogen Facility is no longer in the best interests of the Debtors or their estates.  As of the Petition Date, the Debtors estimate that mechanical completion of the Hydrogen Facility will not occur until the third quarter of 2025, at the earliest, and estimate that the Hydrogen Facility will come online in the second quarter of 2026, at the earliest, almost two years after construction was initially estimated to be completed.  Further, the Debtors estimate that completion of the Hydrogen Facility will cost approximately $251 million—more than ***four times*** the original estimated $60 million.

8.        Pursuant to the terms of the Matheson Agreement, any increase in construction costs would lead to an increase in the monthly Base Facility Charge that the Debtors are required to pay upon completion of the Hydrogen Facility—totaling $1,035,000 per month assuming a cost to completion of $60 million.

9.        Once construction is complete and the Hydrogen Facility is fully operational, then Vertex Refining is to provide Matheson with, among other things, (a) renewable feedstock, natural

gas, and certain utilities to be processed by Matheson into hydrogen and steam for the Debtors' operations, and (b) certain monthly utilities and cash considerations of $1,035,000 on account of the Base Facility Charge, subject to certain price adjustments tied to the actual cost to completion. Pursuant to the terms of the Matheson Agreement, every $1 million increase in construction costs in excess of $60 million would result in a $13,700 increase in the Base Facility Charge. Accordingly, assuming a total cost to completion of approximately $251 million, the monthly Base Facility Charge would increase from $1,035,000 per month to approximately $3,654,440 per month. Notably, the estimated costs of construction and the related Base Facility Charge are not guaranteed or capped, and completion of the project is subject to further delay and cost increase.

10.     In light of the continued delay to completion, the significant cost overrun, and the risk of further delay and cost increase, the Debtors have determined in an exercise of their business judgment that rejection of the Matheson Agreement is in the best interests of the Debtors' estates, creditors, and other parties in interest. Absent rejection, the cost to completion of the Matheson Facility is expected to continue to grow, thereby further burdening the Debtors' estates with substantial claims. Rejection of the Matheson Agreement will preserve and maximize the value of the Debtors' estates by reducing the Debtors' financial burden. Accordingly, the relief requested herein is both necessary and appropriate under the circumstances.

## Basis for Relief

### I.     Rejection of the Matheson Agreement Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.

11.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v.*

*Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

12.    A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'" (quoting *Grp. of Institutional Inv'rs v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

13.    Rejection of an executory contract is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest, a court should approve the rejection under

section 365(a) of the Bankruptcy Code.  *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14.     The Debtors believe that rejection of the Matheson Agreement is well within the Debtors' business judgment and is in the best interest of their estates.  Absent rejection, the Matheson Agreement will impose additional claims against the Debtors and their estates, to the detriment of the Debtors' other general unsecured creditors and stakeholders.  Accordingly, to avoid incurring additional unnecessary expenses associated with the Matheson Agreement, the Debtors seek to reject the Matheson Agreement effective as of the Petition Date.

## II.     Deeming Rejection of the Matheson Agreement Effective as of the Petition Date Is Appropriate.

15.     Under sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case.  *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the contract counterparties "had unequivocal notice of Debtors' intent to reject"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

16.     The balance of equities favors rejection of the Matheson Agreement effective as of the Petition Date.  Without such relief, the Debtors may be forced to incur unnecessary and significant expense in connection with the Matheson Agreement—an agreement that has not yet and will not confer any near-term benefit to the Debtors' estates.  *See* 11 U.S.C. § 365(d)(3).  The

Debtors have sought the relief requested at the earliest practicable moment in these chapter 11 cases, providing notice to Matheson at the outset of these chapter 11 cases. Indeed, the Debtors are requesting this relief on the Petition Date to ensure that there is no risk of "revisionist history," and that the factual record is accurately reflected. *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedeo Feliciano*, 140 S.Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders . . . to 'reflect the reality' of what has already occurred" but not as a "vehicle for . . . creating 'facts' that never occurred") (internal citations omitted). The Debtors, in exercise of their sound business judgment, have determined that the Matheson Agreement is not compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' estates. Rejecting the Matheson Agreement as of the Petition Date, rather than waiting until emergence, will allow the Debtors to minimize any rejection damages claims that may result from continued postpetition construction on the Hydrogen Facility.

17.     Moreover, Matheson will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on Matheson, thereby providing Matheson with sufficient opportunity to respond. Accordingly, the Debtors respectfully submit that it is fair and equitable for the Court to hold that the Matheson Agreement is rejected effective as of the Petition Date.

<u>**Reservation of Rights**</u>

18.     Nothing contained herein or any actions taken pursuant to the relief requested or granted (including any payment made in accordance with any such order) is intended as or shall be construed as: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds;

7

(c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## **Notice**

19.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Loan Lenders; (d) the agent under the Debtors' Term Loan Facility, and counsel thereto; (e) the agent under the Debtors' DIP Facility and counsel thereto; (f) counsel to Macquarie; (g) the United States Attorney's Office for the Southern District of Texas; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the state attorneys general for states in which the Debtors conduct business;

(k) Matheson; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
September 25, 2024

/s/ *Jason G. Cohen*

| | |
|---|---|
| **BRACEWELL LLP** | **KIRKLAND & ELLIS LLP** |
| Jason G. Cohen (TX Bar No. 24050435) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jonathan L. Lozano (TX Bar No. 24121570) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| 711 Louisiana Street, Suite 2300 | 601 Lexington Avenue |
| Houston, Texas 77002 | New York, New York 10022 |
| Telephone:    (713) 223-2300 | Telephone:    (212) 446-4800 |
| Facsimile:    (800) 404-3970 | Facsimile:    (212) 446-4900 |
| Email:        jason.cohen@bracewell.com | Email:        brian.schartz@kirkland.com |
|               jonathan.lozano@bracewell.com | |
| | |
| -and- | -and- |
| | |
| Mark E. Dendinger (*pro hac vice* pending) | **KIRKLAND & ELLIS LLP** |
| 31 W. 52nd Street, Suite 1900 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, NY 10019 | John R. Luze (*pro hac vice* pending) |
| Telephone:    (212) 508-6100 | Rachael M. Bentley (*pro hac vice* pending) |
| Facsimile:    (800) 404-3970 | 333 West Wolf Point Plaza |
| Email:        mark.dendinger@bracewell.com | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:        john.luze@kirkland.com |
| | rachael.bentley@kirkland.com |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**<u>Certificate of Service</u>**

     I certify that on September 25, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                  /s/ *Jason G. Cohen*

                                  Jason G. Cohen